FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 27 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| KWAN SOFTWARE ENGINEERING, INC., a California corporation, DBA Veripic, Inc., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> FORAY TECHNOLOGIES, LLC, a Delaware limited liability company, <br><br> Defendant - Appellee. | No. 13-15165 <br><br> D.C. No. 3:12-cv-03762-SI <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

Argued and Submitted November 4, 2013
San Francisco, California

Before: REINHARDT, NOONAN, and WATFORD, Circuit Judges.

Kwan Software Engineering, Inc., dba VeriPic, Inc. ("Veripic") appeals the

district court's order denying its motion to preliminarily enjoin Foray

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Technologies, LLC ("Foray") from making certain public representations that allegedly constitute false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and under California law, Cal. Bus. & Prof. Code § 17500.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) and review the denial of a preliminary injunction for abuse of discretion. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). On the record before it, the district court did not abuse its discretion, and we accordingly affirm.

**1.** The district court did not abuse its discretion in determining that Veripic failed to prove a likelihood of success on its false advertising claims. Contrary to Veripic's protestations, the district court properly held that Veripic had failed to make a threshold showing of literal falsity. Given its context and the sophisticated nature of the consumer market, Statement One[1] was likely not misleading. Statements Two and Three regarding "authenticity" were both ambiguous and Veripic's evidence at this stage of the case did not persuasively indicate that there is a singular definition of "authenticity" as that term is understood by law enforcement customers.

---

[1] We refer to the statements in the order they were addressed by the district court.

**2.**     Nor did the district court abuse its discretion in denying the preliminary injunction as to the other issues raised, because irreparable harm is unlikely.  *See Cottrell*, 632 F.3d at 1135 (discussing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 19-24 (2008)).  Veripic offered only speculative evidence of the loss of prospective customers, business goodwill, and market share.

**3.**     We need not decide whether the district court abused its discretion in denying Veripic's motion for leave to file supplemental evidence because Veripic has not shown that the failure to admit the supplemental evidence was prejudicial. *Cf. McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032 (9th Cir. 2003) (requiring a showing that the lower court's error was prejudicial in the context of an evidentiary ruling at trial).

**4.**     Finally, we have reviewed Veripic's other claims of error and find none.

**AFFIRMED.**